MOUNT VERNON HOUSING AUTHORITY, Appellant, v JOSEPH B. GOLDMAN, as Acting Commissioner of the Division of Housing and Community Renewal of the State of New York, et al., Respondents.

Second Department, April 16, 1979

### APPEARANCES OF COUNSEL

*David Avstreih (Robert Mark Wasko* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General (Patricia C. Armstrong* and *Samuel A. Hirshowitz* of counsel), for respondents.

### OPINION OF THE COURT

*Per Curiam.*

In this proceeding pursuant to CPLR article 78, *inter alia,* to "[annul] as unlawful, arbitrary, discriminatory and unreasonable rent schedules as maintained" by the Division of Housing and Community Renewal, petitioner appeals from a judgment of the Supreme Court, Westchester County, which dismissed the proceeding. The judgment should be affirmed.

The petitioner is a public housing authority in the City of Mount Vernon. Its purpose is to provide low-cost housing and therefore it rents to low-income families. Some of the families are completely dependent on welfare, while other families are only partially dependent on welfare, that is, some members receive full welfare benefits, while other family members receive little or no public aid. This appeal concerns the rent to be charged to these mixed welfare families.

In fixing the rent to be charged to its residents the petitioner must refer either to the nonwelfare rent schedule or to the welfare rent schedule, which provides for lower rent. Prior to the amendment which is now under attack, petitioner could charge its mixed welfare families according to the nonwelfare rent schedule. However, in July, 1977, the Division of Housing and Community Renewal (hereinafter DHCR) pro-

mulgated an amendment to 9 NYCRR 1627-2.6 as an emergency measure pursuant to section 202 of the State Administrative Procedure Act. This amendment provides, in effect, that if certain members in a family receive welfare assistance while others do not, the rent is to be calculated proportionately from the two rent schedules. For example, if a family of five occupies a five-room apartment and two residents receive public assistance while three do not, then the rent to be charged is m2/5x of the welfare rent for a five-room apartment plus m3/5x of the nonwelfare rent for the same apartment. The effect of the amendment is that the authority receives less rent from mixed-welfare families. At the time this amendment was adopted, the DHCR sent a notice to petitioner which stated, *inter alia:* "Any Authority which will suffer a loss of income should submit supporting data to the Division for adjustment by Department of Social Services."

The petitioner claims that it suffered a loss of substantial income because of the amendment. However, after consulting with the DHCR it determined that proceeding through administrative channels would prove time consuming, and therefore it initiated this proceeding to challenge the legality of the amendment.

On these facts Special Term held that petitioner was not entitled to maintain a judicial challenge to the DHCR regulation since it had failed to exhaust its administrative remedies.

On appeal petitioner contends that this proceeding is not barred by the doctrine of exhaustion of administrative remedies because its objections to the amendment raise solely legal questions. Petitioner explains that it does not object to the application of the regulation, but, rather, takes issue with the reasonableness of the distinction between welfare and nonwelfare tenants. Petitioner reasons that under paragraph (k) of subdivision 1 of section 37 of the Public Housing Law, it is entitled to fix rents at a level sufficient to meet its costs and expenses and since the distinction between welfare and nonwelfare tenants is unrelated to costs and expenses, it is arbitrary and unreasonable.

Notwithstanding petitioner's summary of its legal challenge to the amendment, it is clear that petitioner is challenging the new regulation because it will deprive petitioner of a certain amount of rent. Petitioner's narrow attack on the regulation is without merit. Petitioner's argument that the distinction between welfare and nonwelfare tenants is unrelated to the

purpose for which rents are fixed, i.e., to meet expenses, does not per se render the distinction arbitrary. The distinction drawn by the rule obviously relates to the tenant's ability to pay. There is no proof in this record that the amended regulation thwarts or interferes with the petitioner's ability to collect sufficient rents to meet its needs from all its tenants. If the Mount Vernon Housing Authority has a specific financial difficulty (and it does have a substantial financial deficit), then its remedy is to apply to the DHCR for rent relief.

■ Petitioner's other legal challenge to the regulation is that it is procedurally defective because it was adopted without a hearing. However, it is clear that there was no constitutional right to a pre-enactment hearing because the action challenged is quasi-legislative in nature (see *Yakus v United States,* 321 US 414). The State Administrative Procedure Act only directs a pre-enactment hearing where a statute specifically requires that a hearing be held (State Administrative Procedure Act, § 202, subd 1, par [a]). The petitioner does not refer to any statute which requires a hearing in the instant rule-making procedure and we have found none. Consequently, the procedure by which the amendment was enacted was valid.

HOPKINS, J. P., DAMIANI, RABIN and MANGANO, JJ., concur.

Judgment of the Supreme Court, Westchester County, dated February 10, 1978, affirmed, without costs or disbursements.